UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

RANDY L. MILES,

      Plaintiff,

      v.

Case No. 07-C-0435

INA TEMPORARY SERVICE
and CARLISLE TIRE & WHEEL CO.,

      Defendants.

**ORDER**

On May 10, 2007, the plaintiff, Randy L. Miles ("Miles"), who is proceeding pro se, filed a complaint naming INA Temporary Services ("INA") and Carlisle Tire & Wheel Co. ("Carlisle") as the defendants. Along with his complaint, Miles filed a petition and affidavit for leave to proceed in forma pauperis.

In order to authorize a litigant to proceed in forma pauperis, the court must determine first that the litigant is unable to pay the costs of commencing the action; and, second, that the action is not frivolous or malicious, does not fail to state a claim upon which relief may be granted, or does not seek monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(a) and (e)(2)(B). The court is obliged to give the plaintiff's pro se allegations a liberal construction. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).

In his petition and affidavit for leave to proceed in forma pauperis, Miles avers that he is not presently employed, that he has no banks accounts, that he has no valuable tangible property, that he does not own his residence, and that he does not own a car. Curiously, he fails to identify any

Dockets.Justia.com

monthly expenses.  Indeed, he affirmatively avers that he has no monthly expenses.  Nevertheless,

given Miles's financial status, as set forth above, I am satisfied that he does not have the financial

ability to pay the costs of commencing this action.

With respect to the second determination, an action is frivolous, for purposes of §

1915(e)(2)(B)(i), if there is no arguable basis for relief either in law or in fact.  *See Denton v.*

*Hernandez*, 504 U.S. 25, 31 (1992); *Casteel v. Pieschek*, 3 F.3d 1050, 1056 (7th Cir. 1993); *Castillo*

*v. Cook County Mail Room Department*, 990 F.2d 304, 306 (7th Cir. 1993).  The court may,

therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or

where the factual contentions are clearly baseless.  *Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

And, as stated previously, the court is to dismiss a case if the court determines that the action fails

to state a claim on which relief may be granted.  *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

The text of Miles's handwritten complaint reads as follows:

# 1.  I've worked INA Temp Svc since 10-06 to Feb 07 and did every assignment that
was given.  When cho[sen] for the job at Carlisle Tire and Wheel I was selected and
was told never take off.  This job requires that you be there.  Individuals that's been
there awhile, how they observe you, and try you to talk about the service, and job site,
and your conditions, which is none of their business, things like low wages, high
transportation price.  Yet individuals take days off, and 90 to the recruiter.  Mr. Jose
Jimenez with hands signs and speech, that you need not understand, continue to work,
when they never get employed with a company.  Also on payroll day sign says no I.D.
no check.  Most don't have, but told the next time, bring I.D.  The incident on 02-05-
07 in which I reported at 1:17 pm at INA Temp Svc for transportation tickets to job
site on company bus.  When was ask by Mr. Jose Jimenez that before you get your
tickets for the week I want you to put fingers in this and blow in a breathalizer and
I explain why I need to do that at this time.  Never has a injury or not lack of a
assignment.  17 people on a bus, no one was ask or given this request.  So I refuse.
I was told to call from day to day to check on your assignment to be told call every
day.  On the week of 02-05-07.  On these days I check in, on one day I call and
receptionist Juanita, I ask for Mr. Jimenez and was told he went to plant.  And will
return shortly, and when finally reaching Mr. Jose, was told by him do you have a
shovel.  I replied yes, start using it to shovel Milwaukee.  Also advise don't call

EEOC or other agency's and I never replied.

#2. When working at Carlisle I had tasks that was less than professional, a lot of no-skill work and more physical than working a machine, was always told never question what you do.  Employees who work with you, if they like you, will remain for a while, but if not like will be reassign to tasks that is more stringent, crew chiefs, or lead men check to see and tell you that if we don't meet the quota, we will call Mr. Jose.  They take breaks, employees sit to they selves, and make racial comments along with Mexicans, leave breaks come to tell you that your tasks is over here and believe and stay for 15 min. to be told that it's not your job site.  All supervisor walk with signs of dislike and find out later put him where he would or she will be in no hurry to come back.

In that section of the form complaint setting forth the relief which he seeks, Miles states as follows: "Would work for job that I was discharged from, and repaid from the time that I was discharged.  I've endured some suffering and struggling.  I'm an honorable discharge veteran and love my country."

As previously stated, Miles is proceeding pro se in this action.  I have therefore attempted to give the complaint a liberal construction.  However, even having done so, I cannot determine whether the action is frivolous or fails to state a claim.  Simply put, although I can discern from the complaint that Miles was discharged from his employment at Carlisle Tire & Wheel Co., I cannot discern how his discharge violated his rights under federal law.  In other words, I cannot discern what federal claim Miles is alleging in his complaint.  The court will therefore order Miles to file a more definite statement of his claim within twenty (20) days of this order.

In plain language, if Miles wants to proceed with this action without paying the filing fee, he must file a paper with the court that more clearly states his claim against INA Temporary Service and Carlisle Tire & Wheel Co.  Miles should also make clear why this action should be heard in federal court, for example, by stating why he believes his discharge violated his rights under federal law.

3

**NOW THEREFORE IT IS ORDERED** that the plaintiff file a more definite statement of his claim within (20) days of this order.

**SO ORDERED** this 15th day of May 2007, at Milwaukee, Wisconsin.


/s/ William E. Callahan, Jr.
WILLIAM E. CALLAHAN, JR.
United States Magistrate Judge