UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

RANDY L. MILES,

      Plaintiff,

      v.                                                      Case No. 07-C-0435

INA TEMPORARY SERVICE
and CARLISLE TIRE & WHEEL CO.,

      Defendants.

---

## ORDER

---

On May 10, 2007, the plaintiff, Randy L. Miles ("Miles"), who is proceeding pro se, filed a complaint naming INA Temporary Services ("INA") and Carlisle Tire & Wheel Co. ("Carlisle") as the defendants. Along with his complaint, Miles filed a petition and affidavit for leave to proceed in forma pauperis. On May 15, 2007, the court ordered Miles to file a more definite statement setting forth more precisely what federal claim he is alleging against the defendants. On June 4, 2007, Miles filed an amended complaint against INA and Carlisle.

In order to authorize a litigant to proceed in forma pauperis, the court must determine first that the litigant is unable to pay the costs of commencing the action; and, second, that the action is not frivolous or malicious, does not fail to state a claim upon which relief may be granted, or does not seek monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(a) and (e)(2)(B). The court is obliged to give the plaintiff's pro se allegations a liberal construction. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).

In his petition and affidavit for leave to proceed in forma pauperis, Miles avers that he is not

presently employed, that he has no banks accounts, that he has no valuable tangible property, that he does not own his residence, and that he does not own a car. Curiously, he fails to identify any monthly expenses. Indeed, he affirmatively avers that he has no monthly expenses. Nevertheless, given Miles's financial status, as set forth above, I am satisfied that he does not have the financial ability to pay the costs of commencing this action.

With respect to the second determination, an action is frivolous, for purposes of § 1915(e)(2)(B)(I), if there is no arguable basis for relief either in law or in fact. *See Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Casteel v. Pieschek*, 3 F.3d 1050, 1056 (7th Cir. 1993); *Castillo v. Cook County Mail Room Department*, 990 F.2d 304, 306 (7th Cir. 1993). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke v. Williams*, 490 U.S. 319, 327 (1989). And, as stated previously, the court is to dismiss a case if the court determines that the action fails to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

The text of Miles's handwritten amended complaint against INA reads, in pertinent part, as follows:

> I started working for INA Temporary Services since Oct. 06. And was given, numerous assignments , in which I completed. I was selected to work at Carlisle Tire & Wheel Co. and was told to never take a day off. During the week of 02-05-07, I reported to work on time, to receive bus tickets, for the week, when ask by Jose Jimenez recruiter, to take a breathalyzer, and I refuse stating I don't see any reason. And was told not to work that day, but call from day to day to check your status. I am aware that other non-black lighter skinned, younger employees have smelled of alcohol but have not been asked to take a breathalyzer.

(INA Am. Compl.)

And, the text of Miles's handwritten amended complaint against Carlisle Tire reads, in pertinent part,

2

as follows:

> I started working for [Carlisle] through INA Temporary Services, 11-06, I was given less than professional, skill work, more physical than, with a machine, work the paint line, in which rims of all sizes even tractor-trailer type rims, come down an assembly line. Was required to move at a pace at times was stringent. Told never complain, take items rims and stack on pallets, certain levels. Where other non-black lighter skinned, younger employees take on machine type, skill work, while myself was left in the dark. I believe that the respondent retaliated against me by letting INA recruiter Jose Jimenez coerce them into terminate me.

(Carlisle Am. Compl.) Miles has also attached two charges of discrimination filed with the Wisconsin Equal Rights Division and the EEOC. In such charges, Miles alleges that he has been discriminated against due to his race (black) and age, in that he was terminated and not referred to other employers in violation of Title VII of the Civil Rights Act of 1964 and the Age Discrimination in Employment Act of 1967. Miles further alleges that the defendants retaliated against him by terminating him for opposing a discriminatory practice in violation of section 704(a) of Title VII.

Simply put, at this early stage of the instant proceedings I cannot say that the allegations in Miles's complaint are subject to dismissal for being frivolous or malicious, or for failing to state a claim. *See* 28 U.S.C. § 1915(e)(2). To be sure, Miles alleges that he is a racial minority, that he was wrongfully terminated because he is a racial minority, and that white employees were treated better when he was employed by INA and Carlisle Tire. Consequently his petition to proceed in forma pauperis will be granted.

**NOW THEREFORE IT IS ORDERED** that the plaintiff's petition to proceed in forma pauperis be and hereby is **GRANTED**;

**IT IS FURTHER ORDERED** that the United States Marshal shall serve a copy of the amended complaints, the summons, and this order upon each of the defendants pursuant to Federal

Rule of Civil Procedure 4.  **The plaintiff is advised that Congress requires the U.S. Marshals Service to charge for making or attempting such service. 28 U.S.C. § 1921(a).  The current fee for waiver-of-service packages is $8.00 per item.  The full fee schedule is provided at 28 C.F.R. §§  0.114(a)(2), (a)(3).  Although Congress requires the court to order service by the U.S. Marshals Service precisely because in forma pauperis plaintiffs are indigent, it has not made any provision for these fees to be waived either by the court or by the U.S. Marshals Service**.

The plaintiff is hereby notified that he is required to send a copy of every paper or document filed with the court to the opposing parties or their attorney(s).  Fed. R. Civ. P. 5(a).  The plaintiff should also retain a personal copy of each document.  If the plaintiff does not have access to a photocopy machine, plaintiff may send out identical handwritten or typed copies of any documents.  The court may disregard any papers or documents which do not indicate that a copy has been sent to each defendant or to their attorney(s).

**SO ORDERED** this 6th day of June 2007, at Milwaukee, Wisconsin.

/s/ William E. Callahan, Jr.
WILLIAM E. CALLAHAN, JR.
United States Magistrate Judge

4