UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

RANDY L. MILES,

    Plaintiff,

    v.                                                     Case No. 07-C-0435

JNA TEMPORARY SERVICES, INC.,

    Defendant.

**DECISION AND ORDER DENYING MOTION TO DISMISS**

**I. BACKGROUND**

In March of 2007, the plaintiff, Randy L. Miles ("Miles"), filed an Equal Opportunity Commission ("EEOC") charge against JNA Temporary Services, Inc. ("JNA") and Carlisle Tire & Wheel Co. ("Carlisle"). In his administrative charge, Miles alleges age, race, and color discrimination and retaliation. Specifically, the charge reads as follows:

> I. I started working for the Respondent as a Laborer in February 2007. I was assigned to work at a tire and wheel manufacturer. On my way to work, Jose Jimenez, Recruiter, requested I take a breathalyzer. I refused and was terminated. I am aware that other non-black, lighter skinned, younger employees have smelled of alcohol, but have not been asked to take a breathalyzer. The Respondent has failed to refer me to any other positions.
>
> II. The Respondent informed me that I was terminated for refusing to take a breathalyzer. I have not been given a reason as to why I have not been referred to other employers.
>
> III. I believe that I have been discriminated against due to my race (black), color, and age (dob 2/28/1954), in that, I was terminated and not referred to other employers in violation of Title VII of the Civil Rights Act of 1964, as amended (Title VII) and the Age Discrimination in Employment Act of 1967, as amended (ADEA). I believe that

the Respondent retaliated against me by terminating me for opposing a discriminatory practice in violation of section 704(a) of Title VII.

Miles filed a pro se complaint in the Eastern District of Wisconsin on May 10, 2007, naming both JNA and Carlisle as defendants. Upon the court's order, Miles filed an amended complaint on June 4, 2007. A copy of the administrative charge was attached to the amended complaint. The amended complaint against JNA reads as follows:

> I. I started working for JNA temporary services, since Oct. 06. And was given, numerous assignments, in which I completed. I was selected to work at carlisle tire + wheel co. and was told to never take a day off. During the week 02-05-07, I reported to work on time, to receive bus tickets, for the week, when ask by Jose Jimenez, recruiter, to take a breathyzer, and I, refuse stating I don't see any reason. And was told not to work that day, but call from day to day to check your status. I am aware that other non-black lighter skinned, younger employees have smelled of alcohol but have not been asked to a breathyzer.
>
> II. The respondent informed on the day of the week I called, that do you have a shovel, I "replied" yes he said go shovel milwaukee, and I ask what about my position, "he replied" it's like you finish. I have not been given a reason as to why, and have not been referred to other employers.
>
> III. I believe, that I have been violated and treat, unfairly, insulted, by comments from the respondent, never given a opportunity to explain. I was retaliated against me, by respondent by terminating me, by using discriminatory practice.
>
> IV. Seeking a relief of damages in of loss wages, age factor, pain suffering, back-pay and consider for future continue employment.

On July 31, 2007, JNA filed a motion to dismiss Count II and Count III (as described by JNA) of the amended complaint, pursuant to Federal Rule of Civil Procedure 12(b)(6). Miles responded to the motion to dismiss on September 21, 2007; however, Miles' response merely asked the court to dismiss Carlisle from the suit and reaffirmed his desire to pursue his claims against JNA. Accordingly, the court issued an order dismissing Carlisle. On September 24, 2007, JNA filed a letter

2

with the court stating it did not intend to file a reply brief. Accordingly, the motion has been fully briefed and is ready for resolution.

## II. DISCUSSION

A motion to dismiss under Rule 12(b)(6) challenges the sufficiency of a complaint for failure to state a claim upon which relief may be granted. *Gen. Elec. Capital Corp. v. Lease Resolution Corp.*, 128 F.3d 1074, 1080 (7th Cir. 1997). To state such a claim, the complaint need only contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). More specifically, the complaint must describe the claim in sufficient detail to give the defendant "fair notice of what the . . . claim is and the grounds upon which it rests." *EEOC v. Concentra Health Servs.*, 496 F.3d 773, 776 (7th Cir. 2007) (citing *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964 (2007)). Further, its allegations must plausibly suggest that the defendant has a right to relief, raising the possibility above a "speculative level"; if it does not, the plaintiff pleads itself out of court. *Id.* (citing *Bell Atlantic*, 127 S. Ct. at 1965, 1973 n.14)). In a case brought by a pro se plaintiff, the "complaint must be liberally construed and is entitled to less stringent scrutiny than those prepared by counsel." *Gutierrez v. Peters*, 111 F.3d 1364, 1369 (7th Cir. 1997).

JNA moves the court to dismiss "Count II" of Miles' amended complaint because "the allegations of Count II were not alleged in the plaintiff's administrative charge against JNA" as required by Title VII of the Civil Rights Act of 1964 ("Title VII"). Further, JNA moves to dismiss "Count III" of the amended complaint, alleging that the plaintiff has failed to properly notify the defendant of the protected conduct the plaintiff engaged in that led to JNA's retaliation. The court will address each motion in turn.

**A. Count II**

JNA first argues that the allegations in what has been designated by JNA as Count II of the amended complaint were not made in the administrative charge and are not otherwise reasonably related to those allegations; therefore, JNA contends that "Count II" must be dismissed. After liberally construing the plaintiff's pro se allegations, this court disagrees with the defendant's understanding that the plaintiff's use of Roman numerals is meant to designate separate claims within the amended complaint; therefore, the defendant's motion to dismiss "Count II" will be denied.

"Generally, a Title VII plaintiff may bring only those claims that were included in his EEOC charge or that are like or reasonably related to the allegations of the charge and growing out of such allegations." *McKenzie v. Ill. Dept. of Transp.*, 92 F.3d 473, 481 (7th Cir. 1996) (internal citations omitted). "[C]laims are not alike or reasonably related unless there is a factual relationship between them[, meaning] that the EEOC charge and the complaint must, at minimum, describe the same conduct and implicate the same individuals." *Id.* (quoting *Cheek v. Western & Southern Life Ins. Co.*, 31 F.3d 497, 501 (7th Cir. 1994)). However, "[r]ecognizing that the original charge is often completed by laypersons rather than lawyers, [the Seventh Circuit Court of Appeals has] noted that 'a Title VII plaintiff need not allege in an EEOC charge each and every fact that combines to form the basis of each claim in [his] complaint.'" *Id.* (internal citations omitted).

When reading Miles' amended complaint, the court is obliged to liberally construe his pro se allegations. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). Having done so, the court agrees with the defendant that the facts alleged in paragraph II of the complaint (a JNA employee asking Miles if he owned a shovel, a JNA employee telling Miles to "go shovel milwaukee," and a JNA employee informing Miles that "it's like you finish") are not the same facts as those alleged in the EEOC charge

4

(a JNA employee terminating Miles for refusing to take a breathalyzer test). However, the court does not interpret the Roman numerals that the plaintiff places before each paragraph to signal a new claim or count. Instead, when reading the complaint in its entirety, it appears to the court that the new facts alleged in paragraph II of the amended complaint are merely facts meant to support the discrimination claim the plaintiff clearly lays out in paragraph I. The court does not interpret paragraph II to lay out a new and distinct claim. While the defendant is correct in stating that the facts in paragraph II are not alleged in the EEOC charge, the Seventh Circuit does not require a plaintiff to allege each and every fact that makes up a claim. As the claim in paragraph I is properly alleged in the EEOC charge, the plaintiff has sufficiently pled his discrimination claim. Therefore, as paragraph II merely states additional facts to support Miles' discrimination claim, JNA's motion to dismiss "Count II" will be denied.

**B. Count III**

Under the liberal system of "notice pleading" adopted by Federal Rule of Civil Procedure 8(a)(2), a plaintiff's complaint need only provide "a short and plain statement of the claim that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit*, 507 U.S. 163, 168 (1993) (citations omitted). "For fair notice to be given, a complaint must at least include the operative facts upon which a plaintiff bases his claim." *Kyle v. Morton High Sch.*, 144 F.3d 448, 455 (7th Cir. 1998) (internal citations omitted). "A plaintiff need not plead facts; he can plead conclusions. However, the conclusions must provide the defendant with at least minimal notice of the claim." *Id.* (internal citations omitted).

5

Here, JNA contends that "Count III" of Miles' amended complaint inadequately states a claim for retaliation because the amended complaint does not provide the defendant with enough factual context to fairly notify JNA of the grounds upon which the retaliation claim rests. More specifically, JNA alleges that Miles' claim for retaliation must be dismissed because Miles "alleges no protected conduct resulting in any retaliation." (JNA's Br. in Support of Mot. to Dismiss at 3.)

In paragraph III of his amended complaint, the paragraph designated by JNA as "Count III", Miles alleges that JNA retaliated against him when it terminated his employment. To be sure, JNA is correct in asserting that it is not clear from reading paragraph III in isolation what protected conduct Miles engaged in that would lead to JNA's retaliation; however, Miles' alleged protected action becomes clear when looking at the amended complaint as a whole. In paragraph I Miles alleges that he refused to take a breathalyzer test, that JNA fired him for not taking the breathalyzer, and that other non-black, lighter skinned, and younger employees in similar situations were not asked to take breathalyzers. Liberally reading paragraphs I and III together, it is clear to the court that Miles pleads that JNA terminated his employment in retaliation for his refusal to take the breathalyzer test, an act he viewed to be discriminatory in nature. Accordingly, the defendant has been properly notified of the protected conduct Miles alleges to have engaged in and the defendant's motion to dismiss "Count III" will be denied.

**NOW THEREFORE IT IS ORDERED** that the defendant's motion to dismiss Count II of the amended complaint be and hereby is **DENIED**;

**IT IS FURTHER ORDERED** that the defendant's motion to dismiss Count III of the amended complaint be and hereby is **DENIED**;

6

Case 2:07-cv-00435-WEC   Filed 11/15/07   Page 6 of 7   Document 34

**SO ORDERED** this 15th day of November 2007, at Milwaukee, Wisconsin.

/s/ William E. Callahan, Jr.
WILLIAM E. CALLAHAN, JR.
United States Magistrate Judge