UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

RANDY L. MILES,

    Plaintiff,

    v.                                    Case No. 07-C-435

JNA TEMPORARY SERVICE,

    Defendants.

## PROTECTIVE ORDER

Upon the defendant, JNA Temporary Services, Inc.'s Motion for a Protective Order,

    IT IS HEREBY ORDERED THAT:

    1.    <u>Scope of Order</u>.  Except as otherwise stated herein, all healthcare documents, including documents relating to alcohol/drug testing, themselves including the results of alcohol/drug tests, and/or the refusal to take such tests, and all personal identifying information, as regards the testing (or requests therefore) of past or present employees of defendant, produced and supplied in any form in this case for purposes of discovery, or otherwise, by either party shall be "**CONFIDENTIAL**".  When used in this Order, "documents" shall mean all written, recorded or graphic matter and shall include, without limitation, deposition transcriptions, deposition exhibits and documents produced in this action by any party or non-party to the action, whether pursuant to the Federal Rules of Civil Procedure.  This Order does not apply to plaintiff's refusal of defendant's request that he take such a test, and information and/or documents as to plaintiff with regard thereto shall not be considered confidential.

    2.    <u>Designation.</u>  Designation of confidential information must be made by placing or affixing on the document in a manner which will not interfere with its legibility the word "**CONFIDENTIAL**."  Except for documents produced for inspection at a party's facilities or

residence, the designation of confidential information must be made prior to, or contemporaneously with, the production or disclosure of that information. Documents produced for inspection at a party's facilities or residence may be produced for inspection before being marked confidential. Once specific documents have been designated for copying, any documents containing confidential information will then be marked confidential after copying but before delivery to the party who inspected and designated the documents. The inspection of confidential documents before they are copied and marked confidential pursuant to this procedure does not waive confidentiality.

3. <u>Limitation on the Use of Confidential Information</u>. Information or material designated "**CONFIDENTIAL**" shall be held in strict confidence by each person to whom it is disclosed, shall be used only for purposes of this action, shall not be used for any business or personal purpose, and shall not be disclosed to any person who is not entitled to receive such information as herein provided. All produced "**CONFIDENTIAL**" materials shall be maintained exclusively in the office of plaintiff's counsel, Fox, O'Neill & Shannon, at defendant, JNA Temporary Services, Inc., and at plaintiff's residence. "**CONFIDENTIAL**" documents may be removed only for use in this proceeding and by experts retained in this proceeding. Any "**CONFIDENTIAL**" materials provided to experts shall be returned at the conclusion of this litigation.

4. <u>Copies</u>. "**CONFIDENTIAL**" documents may be copied only as necessary for documents filed or used in this proceeding. No copies of "**CONFIDENTIAL**" documents shall be provided to an expert until the expert has agreed in writing to follow the requirements of this Order, which agreement shall be filed in a sealed envelope with the Court.

5. <u>Limitations on Use/Disclosure.</u> Information or documents designated as "**CONFIDENTIAL**" hereunder must not be used or disclosed by the parties or counsel for the parties or any persons identified in Subparagraph (6) for any purposes whatsoever other than preparing for

and conducting the litigation in which the information or documents were disclosed (including appeals).

6.  <u>Disclosure.</u>  The parties and counsel must not disclose or permit the disclosure of any documents or information designated as "**CONFIDENTIAL**" hereunder to any other person or entity, except that disclosures may be made in the following circumstances:

(i)  Disclosure may be made to employees of counsel for the parties who have direct functional responsibility for the preparation and trial of the lawsuit.  Any such employee to whom counsel makes a disclosure must be advised of, and become subject to, the provisions of this order requiring that the documents and information be held in confidence.

(ii)  Disclosure may be made only to employees of a party required in good faith to provide assistance in the conduct of the litigation in which the information was disclosed.  Any such employee to whom a disclosure is made must be advised of, and become subject to, the provisions of this order requiring that the documents and information be held in confidence.

(iii)  Disclosure may be made to court reporters engaged for depositions and those persons, if any, specifically engaged for the limited purpose of making photocopies of documents.  Prior to disclosure to any such court reporter or person engaged in making photocopies of documents, such person must agree to be bound by the terms of this order.

(iv)  Disclosure may be made to consultants, investigators, or experts (hereinafter referred to collectively as "experts") employed by the parties or counsel to assist in the preparation and trial of the lawsuit.  Prior to disclosure to any expert, the expert must be informed of and agree to be subject to the provisions of this order requiring that the documents and information be held in confidence.

7.  <u>Secure Area.</u>  Except as provided in Subparagraphs (5) and (6), parties and counsel must keep all documents designated as "**CONFIDENTIAL**" received hereunder secure within their exclusive possession and must place such documents in a secure area.

3

8. <u>Labeling.</u>  All copies, duplicates, extracts, summaries or descriptions (hereinafter referred to collectively as "copies") of documents or information designated as "**CONFIDENTIAL**" under this rule, or any portion thereof, must be immediately affixed with the word "**CONFIDENTIAL**" if that word does not already appear.

9. <u>Seal.</u>  To the extent that any answers to interrogatories, transcripts of depositions, responses to requests for admissions, pleadings, affidavits, exhibits, briefs, or any other papers filed or to be filed with the Court reveal or tend to reveal information claimed to be confidential, these papers or any portion thereof must be filed under seal by the filing party with the clerk of Court in an envelope marked "Sealed".  A reference to this order may also be made on the envelope.

10. Not Evidence.  The fact that a person or entity designated material or testimony as "**CONFIDENTIAL**" shall not be admissible evidence at a hearing or trial.

11. <u>Return.</u>  At the conclusion of the litigation, all material and documents, including copies, treated as confidential hereunder and not received in evidence must be returned to the originating party.

SO ORDERED this <u>5th</u> day of March, 2008, at Milwaukee, Wisconsin.

BY THE COURT:

<u>/s/ William E. Callahan, Jr.</u>
WILLIAM E. CALLAHAN, JR.
United States Magistrate Judge

<u>DRAFTED BY:</u>
Bruce C. O'Neill
Fox, O'Neill & Shannon, S.C.
622 North Water Street, Suite 500
Milwaukee, WI 53202
Phone  414-273-3939
Fax      414-273-3947